IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**IRAN DWAYNE KETCHUP,**
        **Petitioner,**

**v.**                                **Civil Action No. 2:08cv53**
                                                  **(Judge Maxwell)**

**JOE D. DRIVER, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

On March 17, 2008, the *pro se* petitioner, Iran Ketchup, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in which he indicates that he is challenging the execution of a sentenced imposed upon him by the United States District Court for the Middle District of Georgia. By Order entered May 5, 2008, the Court directed the respondent to show cause why the writ should not be granted. On July 23, 2008, the respondent filed a Motion to Dismiss and Response to Order to Show Cause. On July 24, 2008, a Roseboro Notice was issued, and on October 7, 2008, the petitioner filed his Response/Reply.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 2, 1994, a sealed seven count indictment was entered against the petitioner in the United States District Court for the Middle District of Georgia. On September 12, 1995, following a jury trial, the petitioner was convicted of all seven counts. On January 17, 1996, the petitioner was sentenced to a total term of imprisonment of 675 months and 36 months supervised release. See 4:94-cr-00025-CDL-1. On January 17, 1996, the petitioner, through counsel, filed a notice of

appeal. Id. On March 4, 1997 the United States Court of Appeals for the Eleventh Circuit issued a mandate affirming the convictions from the District Court. (Doc. 18-4).

On February 9, 1998, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in the United States Court for the Middle District of Georgia.(Doc. 18-5). On December 1, 1998, the District Court entered an order granting the respondent's Motion to Dismiss the § 2255 Motion as time barred. See 4:94-cr-00025-CDL-1. The petitioner appealed that determination to the Eleventh Circuit Court of Appeals. Id. Thereafter, the Court of Appeals vacated the District Court's order and remanded the petitioner's § 2255 motion for proceedings on the merits. (Doc. 18-7). Upon remand, the case was referred to a United States Magistrate Judge. See 4:94-cr-00025-CDL-1.

In ground three of that § 2255 motion, the petitioner raised ineffective assistance of counsel as a ground for relief. In addition to raising the allegation of ineffective assistance of counsel, the petitioner listed eight specific examples which he believed supported his claim. (Doc. 18-5, pp. 52-60). After considering the merits of the petitioner's claims Magistrate Judge G. M. Faircloth issued his Report and Recommendation recommending that the § 2255 motion be denied. Specifically, with respect to ground three, ineffective assistance of counsel, the Magistrate Judge found that the petitioner made a "broad claim of ineffective assistance of counsel of all phases of his prosecution, conviction, and appeal ..." (Doc. 18-8, pp. 6-7 ). Magistrate Faircloth further noted that in "[I]n the face of the overwhelming evidence which the jury had before it to find the Petitioner guilty of the charges beyond a reasonable doubt, Petitioner cannot show how different performance by his counsel would have effected a different outcome of his case." (Id. at p.10).

The petitioner raised fourteen objections to the Magistrate's recommendation. (Doc. 18-24).

In his second objection, the petitioner raised challenges that the Magistrate did not "respond or comment on the merits of all Mr. Ketchup's claims...." (Id. at p. 1). In his fifth objection, the petitioner raised a challenge that the Magistrate had "not commented upon or made findings of fact or conclusions of law"on twelve separately identified assertions of fact which the petitioner labeled as "claims." (Id. at pp. 3-4). Additionally, he objected to the Court not conducting an evidentiary hearing, bad faith representations made to the Court by government counsel, and the delay in the proceedings. (Id.). Upon review, that District Court found the petitioner's objections "to be without merit," adopted the Report and Recommendation and entered judgment in favor of the respondent. (Doc. 18-9). The petitioner then moved to amend the judgment, which motion was denied by the District Court. See 4:94-cr-00025-CDL-1. The petitioner then appealed the decisions of the District Court to the United States Courts of Appeals for the Eleventh Circuit. (Id.).

In the course of the appeal, the petitioner filed a Motion for Limited Remand, and as well, sought a certificate of appealability. (Doc. 18-10, p. 4). In both, the petitioner sought an order from the Georgia District Court to "rule upon all of the Petitioner's claims raised before the previous appeal and remand to the District's court..." (Doc. 1, p. 7). The Eleventh Circuit Court of the Appeals denied both of those Motions and, as well, dismissed the petitioner's appeal. (Doc. 18-9). Thereafter, the petitioner filed a Petition for Writ of Certiorari, and on October 7, 2002, the United States Supreme Court denied that petition. (Doc. 18-10).

The petitioner twice filed applications for leave to file successive § 2255 Motions with the Eleventh Circuit Court of Appeals. In the first such application, the petitioner asserted the claim that the District Court did not "adjudicate all of Petitioner's claims in his first and initial 2255 action," and that he was denied due process by reason of a five-year delay in the adjudicating of that

3

first 2255 action. (Doc. 1, pp. 7-8). The Circuit Court of Appeals denied both motions. (Doc. 18-12).

On December 8, 2004, the petitioner filed a Motion for adjudication of claims not adjudicated in his first § 2255 Motion in the United States District Court for the Middle District of Georgia. (Doc. 18-13). The District Court denied that Motion stating that the petitioner was not entitled to the relief he sought "as has been explained by this Court and the Court of Appeals in orders on previous motions by Petitioner". (Doc. 18-14). The petitioner filed a notice Appeal to the Eleventh Circuit. Court Of Appeal. See 4:94-cr-00025-CDL-1. On December 22, 2005, the Eleventh Circuit Court of Appeals denied the petitioner's motion for Certificate of Appealability. (Id.). On or about June 16, 2006, the petition then filed a Notice of filing Certiorari, which was denied. (Doc. 18-16). The petition then filed a petition for writ of mandamus with the Eleventh Circuit Court of Appeals which was denied as frivolous noting that the court had previously "reviewed all of his ineffective-assistance claims and determined them to be specious such that a remand for the District Court to consider them was not warranted." (Doc. 18-17).

On April 16, 2003, the petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody in the United States District Court for the District of Kansas. At the time, the petitioner was incarcerated at USP Leavenworth. In that § 2241 petition, the petitioner raised ten grounds for relief: (1) the United States District Court for the Middle District of Georgia failed to adjudicate all of his claims in his initial § 2255 action. In support of this contention, the petitioner listed thirteen claims which he alleged were raised in his initial 2255 motion that he alleges were not addressed by the District Court; (2) the Eleventh Circuit Court of Appeals denied his applications to file second or successive § 2255 motions; (3) the United States District Court for

4

the Middle District of Georgia failed to adjudicate all of his claims in his initial § 2255 action after being put on notice by the petitioner that claims remained unresolved; (4) the five-year delay in adjudicating his claims in his initial § 2255 denied him procedural due process; (5) the Government committed fraud during his initial § 2255 action causing denial of relief; (6) his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest; (7) his conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure; (8) ineffective assistance of counsel; (9) his conviction was obtained by presentation of perjured testimony by the government; and (10) violation of the privilege against self-incrimination. (Doc. 18-18).

The Kansas District Court dismissed the petitioner's § 2241 petition without prejudice finding that the claims raised were claims that must be pursued under § 2255 in the United States District Court for the Middle District of Georgia. Moreover, because the petitioner failed to demonstrate that his remedy under § 2255 was inadequate or ineffective, the District Court for Kansas lacked jurisdiction to consider his claims under 28 U.S.C. § 2241. (Doc. 18-19).

On January 27, 2004, the petitioner filed a notice of appeal to the Tenth Circuit Court of Appeals. See 5:03-cv-03185-SAC. The Court of Appeals affirmed the District Court's decision that the petitioner failed to establish the inadequacy or ineffectiveness of § 2255, thus the exclusive remedy for challenging his convictions was under § 2255 in the District Court for the Middle District of Georgia. (Doc. 18-21).

On March 17, 2008, the petitioner filed his pending motion under 28 U.S.C. § 2241. In this motion, petitioner reiterates the majority of the claims he raised in his § 2241 petition filed in the United States District Court for Kansas. Specifically, he alleges the execution of his sentence is in

5

violation of the Constitution, laws, or treaties of the United States because:

(1) the United States District Court for the Middle District of Georgia failed to adjudicate all of his claims in his initial § 2255 action. Again, the petitioner lists thirteen allegations of fact that he labels as claims which he alleges were raised in his initial § 2255 motion but were not addressed by the District Court;

(2) the Eleventh Circuit Court of Appeals denied his application to file second or successive § 2255 motions;

(3) the United States District Court for the Middle District of Georgia failed to adjudicate all of his claims in his initial § 2255 action after being put on notice by the petitioner that claims remained unresolved;

(4) the delay in adjudicating his claims in his initial § 2255 and the fact that the District Court did not conduct an evidentiary hearing denied him procedural due process; and

(5) the Government committed fraud during the initial § 2255 action causing denial of relief.

In his response, the respondent argues that the petitioner's claims do not merit relief under § 2241. More specifically, the respondent argues that the petitioner has filed a § 2255 motion masquerading as a § 2241 petition.

In reply, the petitioner takes issue with factual allegations contained in the response relating to the crimes for which he was initially convicted. In addition, the petitioner addresses each of the arguments raised by the respondent and reiterates his contention that his original § 2255 was not properly reviewed and the District Court for the Middle District of Georgia failed to obey the mandate of the Eleventh Circuit Court of Appeals.

## II. STANDARD OF REVIEW

**A. Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state

a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for *pro se* complaints raising civil rights issues).

## II. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Although the petitioner couches his grounds for relief in terms that the execution of his sentence is in violation of the Constitution or laws or treaties of the United States, in truth, the petitioner is continuing to pursue a collateral attack on the validity of his conviction. Therefore, the petitioner is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an adequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2)

subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[1]

Jones, supra at 333-34.

As the record from the United States District Court for the Middle District of Georgia reflects, the petitioner was convicted of: three counts of armed robbery, in violation of 18 U.S.C. § 1951; three counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a). All of these acts continue to be criminal violations. Therefore, the petitioner does not meet the first two prongs of the three-prong test announced in Jones and, therefore cannot satisfy the third, and accordingly has not established a right to proceed in this Court under the provisions found at 28 U.S.C. §2241.[2]

## IV. RECOMMENDATION.

---

[1]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. §2255; see Jones. 226 F.3d at 330.

[2]As the Tenth Circuit Court of Appeals noted in its decision denying the petitioner's appeal from the order entered by the United States District Court for the district of Kansas dismissing his § 2241petition, "the remedy under § 2255 is inadequate or ineffective only in 'extremely limited circumstances.'" *citing* Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that a petitioner is precluded from filing another § 2255 fails to establish that the remedy is inadequate. Id. at 1179. Furthermore, although second or successive applications are restricted under the AEDPA, they are not prohibited. See 28 U.S.C. §§ 2244(b)(2), 2255; Felker v. Turpin, 518 U.S. 651, 664 (1996).

Based on the foregoing, the undersigned recommends that the respondents Motion to Dismiss (Doc. 17) be **GRANTED**; the petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE,** and the petitioner's Motion for Video Conference Evidentiary Hearing (Doc. 4) and Motion to Appoint Counsel (Doc. 5) be **DISMISSED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: October 22, 2008

      /s/ James E. Seibert
    JAMES E. SEIBERT
    UNITED STATES MAGISTRATE JUDGE