# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**IRAN DWAYNE KETCHUP,**

      **Petitioner,**

v.                                                                                 **2:08 CV 53**
                                                                                          **(Maxwell)**

**JOE D. DRIVER, Warden,**

      **Respondent.**

## ORDER

It will be recalled that on March 17, 2008, *pro se* Petitioner Iran Dwayne Ketchup instituted the above-styled civil action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

By Order To Show Cause entered May 5, 2008, Magistrate Judge Seibert indicated that he had conducted a preliminary review of the file and had determined that summary dismissal was not appropriate at that time. Accordingly, Magistrate Judge Seibert's May 5, 2008, Order directed the Respondent to show cause why the Petitioner's § 2241 Petition should not be granted.

The Government's Motion To Dismiss And Response To Order To Show Cause was filed on July 23, 2008. A <u>Roseboro</u> Notice was issued by Magistrate Judge Seibert on July 24, 2008, advising the Petitioner that he had thirty days from the date of entry of said Order in which to file any opposition explaining why his case should not be

dismissed. Said Roseboro Notice specifically advised the Petitioner that his failure to so respond might result in the entry of an order of dismissal against him. After being granted an extension of time in which to file his response to the Government's Motion To Dismiss, the Petitioner's Reply To Respondent's Motion and Memorandum In Support Of Motion To Dismiss And Response To Order To Show Cause was filed on October 7, 2008.

On October 22, 2008, Magistrate Judge Seibert entered a Report And Recommendation wherein he recommended that the Respondent's Motion To Dismiss be granted and that the Petitioner's § 2241 Petition be dismissed with prejudice.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Petitioner's Objection To Magistrate's Report And Recommendation was filed on October 28, 2008.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on October 28, 2008, the Petitioner filed an Objection To

Magistrate's Report And Recommendation.  The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Petitioner objected.  The remaining portions of the Report And Recommendation to which the Petitioner has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Petitioner in his Objection To Magistrate's Report And Recommendation were thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation.  The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action.  Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge Seibert on October 28, 2008, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss (Docket No. 17) be, and the same is hereby, **GRANTED**.  It is further

**ORDERED** that the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DISMISSED**, **with prejudice**.  It is further

**ORDERED** that the Petitioner's Motion For Video Conference Evidentiary Hearing (Docket No. 4) be, and the same is hereby, **DENIED as moot**.  It is further

**ORDERED** that the Petitioner's Motion For Appointment Of Counsel (Docket No. 5) be, and the same is here, **DENIED as moot**.  It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** January  23rd , 2009

                                                **/s/ Robert E. Maxwell**
                                                United States District Judge